1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HOWARD KAPLOWITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>    *v.*<br><br>PREMERA BLUE CROSS, a Washington company,<br><br>        Defendant. | No. C15-512<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY DEMAND** |

18   Plaintiff Howard Kaplowitz ("Plaintiff") on behalf of himself and all other persons

19   similarly situated, alleges the following claims against Premera Blue Cross ("Premera" or the

20   "Company") based upon personal knowledge with respect to himself and his own acts and upon

21   information and belief as to all other matters derived from, among other things, the investigation

22   of counsel, including review of publicly available documents and information.

23                  **SUMMARY OF THE ACTION**

24   1.      On March 15, 2015, Premera Blue Cross, a major provider of health care services,

25   disclosed that the security of the Premera computer system containing extremely sensitive

26   personal identifying information ("PII"), including the names, dates of birth, member ID/ social

27

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

security numbers, bank account information, addresses, phone numbers, email addresses, medical records and clinical information and employment information of approximately 11 million individuals including customers, former customers and their children ("Insureds") was breached by unidentified hackers.( the "Data Breach").  The PII of Premera Insureds included information from the present to as far back as 2002.  Premera's computer system also included PII of Insureds from its two subsidiaries, Vivacity and Connexion Insurance Solutions, Inc. Significantly, the Insureds' PII that Premera lost to hackers contained everything a criminal needs to engage in many forms of identity theft.

2.     The breach included sensitive medical records and clinical information.  Dave Kennedy, an expert in healthcare security who is chief executive of TrustedSEC LLC was quoted in a *Reuters* article stating that "Medical records paint a really personal picture of somebody's life and medical procedures," Kennedy said. "They allow you to perpetrate really in-depth medical fraud."

3.     Premera stated that it learned about the attack on January 29, 2015.  It conducted an investigation of the breach and discovered that the initial attack occurred on May 5, 2014. Knowing its Insured's PII had been taken placing them at risk, Premera made the unilateral decision to wait *six weeks*, until March 15, 2015, to inform the public and until March 17, 2015 to mail out notification to Plaintiff of the breach.

4.     In fact, on February 6, 2015, after it knew that the security of its Insureds' PII on the Company's computer system had been breached by hackers, Premera published information on its website regarding the Anthem data breach and, at the same time, assured its members that Premera "has a dedicated IT security team who is constantly working to safeguard our members' data" but did not reveal that to its members that PII on Premera's computer system had been breached and improperly accessed.

5.     A letter to Premera President, Jeff Roe,  from the senior Senator from Washington State, Sen. Patty Murray, sought explanations for Premera's conduct regarding the breach raised the  concern regarding "the failure of the company to make this information [about the breach]

COMPLAINT
No. C15-512

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

public and begin notifying current and former policy holders for over six weeks" and  that the "Health Insurance Portability and Accountability Act (HIPAA) requires that Premera provide notice without unreasonable delay and no later than 60 days after discovery of the breach."

6.　　　On its website, www.premeraupdate.com, Premera now warns Insureds to take steps to protect themselves from the *imminent* consequences of the data breach and of the need to be vigilant in monitoring their financial and insurance information.  Premera is offering two years of credit monitoring to its members.  Premera also states that it will begin sending letters via regular mail to all members who were affected.

7.　　　Plaintiff entrusted his PII with Premera and rightfully expected Premera to protect and safeguard that information from outsiders.  Yet, Premera failed to do so.  According to a March 18, 2015 article in the *Seattle Times*, "federal auditors warned the company that its network-security procedures were inadequate.  Officials gave 10 recommendations for Premera to fix problems, saying some of the vulnerabilities could be exploited by hackers and expose sensitive information. Premera received the audit findings April 18 last year, according to federal records."

8.　　　Specific recommendations, by way of a draft report, were given to Premera on April 18, 2014.  The Inspector General issued a Final Audit Report on November 28, 2014.  In this report, Premera indicated that it had not yet complied in making needed changes to its security system and that in one instance, indicated that Premera "respectfully disagrees" with the Inspector General's recommendations regarding "critical security patches"

9.　　　Sensitive PII was not segregated and was not stored in such a way to prevent whole files of the entire Company being accessible (it appears that *Premera's two subsidiaries, Vivacity and Connexion were affected by the hackers*) and then likely exported from Premera's computer system to computers controlled by the hackers outside of Premera.

10.　　Therefore, Plaintiff brings this action, on behalf of himself and all other persons who entrusted their PII to Premera which Premera did not keep in a sufficiently secure manner resulting in improper access to hackers who took such information as announced on March 15,

COMPLAINT
No. C15-512

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

2015 (the national "Class") as well as a sub-class of New Jersey residents with respect to Count V (the "New Jersey Sub-Class", to recover for the harm caused to them and the other members of the Class and Sub-Class by Defendant Premera.  The precise dates that the Premera breach began or ended is not known at this time.

## THE PARTIES

11.     Plaintiff Howard Kaplowitz is a resident of the state of New Jersey and had a health insurance policy written by Defendant Premera during the time of the breach alleged herein.  Plaintiff is currently insured by and a cardholder with Premera for more than two years. In acquiring and maintaining health insurance with Premera, Plaintiff entrusted Premera with his private, confidential PII, including his name, date of birth, email addresses, physical address, telephone number, Social Security Number,  and insurance claim information, including clinical information.  Plaintiff was not notified that the PII he had entrusted to Premera was or could be affected by the data security breach that is the subject of this suit until on or after March 17, 2015 when he received a letter from Premera President, Jeff Roe, stating that Premera's computer system had been hacked and "that some of [plaintiff's]…. Personnel information may have been accessed by the attackers."

12.     At the time Plaintiff became a customer of Premera, and at all times since, he had a reasonable expectation that Premera would protect his confidential information from unauthorized disclosure.

13.     Defendant Premera Blue Cross, is incorporated under the laws of the state of Washington and maintains its principal executive offices at Mountlake Terrace, Washington. According to Premera's website, Premera provides health benefits for approximately 1.8 million members.  Premera offers a broad spectrum of network-based managed care plans to large and small employers, individual, Medicaid and Medicare markets.  Premera is an independent licensee of the Blue Cross and Blue Shield Association, or BCBSA, an association of independent health benefit plans.  Premera serves its members as the Blue Cross licensee for Washington and as the Blue Cross and Blue Shield, or BCBS, licensee for Alaska.  Premera also

COMPLAINT
No. C15-512

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

1    conducts business through its subsidiaries, Vivacity and Connexion Insurance Solutions, Inc. in

2    Oregon and Washington.

3                              **JURISDICTION AND VENUE**

4          14.    This Court has jurisdiction over this action pursuant to the Class Action Fairness

5    Act, 28 U.S.C. §1332(d)(2).  The amount in controversy exceeds $5,000,000 exclusive of interest

6    and costs.  Plaintiff and Defendant are citizens of different states.  There are more than 100

7    members the alleged national Class and New Jersey Sub-Class.

8          15.    This Court has jurisdiction over Premera Blue Cross because Premera maintains

9    its principal place of business in this District in Mountlake, Washington, is incorporated under

10   the laws of Washington, regularly conducts business in Washington and has sufficient minimum

11   contacts in Washington.  Premera intentionally avails itself of this jurisdiction by marketing and

12   selling products from Washington to millions of consumers nationwide, including Insureds in

13   Washington.

14                            **CLASS ACTION ALLEGATIONS**

15         16.    Plaintiff brings this class action pursuant to the Federal Rules of Civil Procedure

16   23(a) and (b)(3), on behalf of themselves and all others similarly situated, consisting of all

17   persons in the United States, the national Class, and on behalf of residents of New Jersey Sub-

18   Class with respect to Count V herein, the New Jersey sub-class, who have had health insurance

19   coverage by Premera  since 2002 and had their PII improperly accessed between May 5, 2014

20   and January 29, 2015 due to Premera's data security breach  and were damaged thereby.  The

21   Class and Sub-Class do not include the officers or directors of the Defendant.

22         17.    The Class consists of as many as approximately 11 million of Premera Insureds

23   throughout the United States, and New Jersey, based on Premera's statement that 11 million

24   people may have been affected by the data breach. Upon information and belief the New Jersey

25   sub-class consists of at least thousands of insureds.  While the exact number of members of the

26   Class and Sub-Class and the identities of individual members of the Class and Sub-Class are

27   unknown to Plaintiff's counsel at this time, and can only be ascertained through appropriate

COMPLAINT
No. C15-512

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   discovery, based on the fact that millions of Insureds have been adversely affected, the

2   membership of the Class and Sub-Class are each so numerous that joinder of all members is

3   impracticable.

4       18.    Premera's wrongful conduct affected all members of the Class and Sub-Class in

5   exactly the same way.  The Defendant's failure to properly safeguard its Insureds' PII is

6   completely uniform among the Class and Sub-Class.

7       19.    Questions of law and fact common to all members of the Class and Sub-Class

8   predominate over any questions affecting only individual members.  Such questions of law and

9   fact common to the Class and Sub-Class include:

10      a.     whether the Defendant acted wrongfully by failing to properly safeguard its

11             Insureds' PII;

12      b.     whether Defendant's conduct violated law;

13      c.     whether the Plaintiff and the other members of the Class and Sub-Class have been

14             damaged, and, if so, what is the appropriate relief; and

15      d.     whether the Defendant breached implied contracts or other duties owed with

16             members of the Class and Sub-Class by failing to properly safeguard their PII.

17      20.    The Plaintiff's claims, as described herein, are typical of the claims of all other

18  members of the Class and Sub-Class, as the claims of the Plaintiff and all other members of the

19  Class and Sub-Class members arise from the same set of facts regarding the Defendant's failure

20  to protect the members of the Class and Sub-Class' PII.  The Plaintiff maintains no interest

21  antagonistic to the interests of other members of the Class and Sub-Class.

22      21.    The Plaintiff is committed to the vigorous prosecution of this action and has

23  retained competent counsel experienced in the prosecution of class actions of this type.

24  Accordingly, the Plaintiff is an adequate representative of the Class and Sub-Class and will fairly

25  and adequately protect the interests of the Class and Sub-Class.

26      22.    This class action is a fair and efficient method of adjudicating the claims of the

27  Plaintiff and the Class and Sub-Class for the following reasons:

COMPLAINT
No. C15-512

- 6 -

a.  common questions of law and fact predominate over any question affecting any individual Class or Sub-Class members;

b.  the prosecution of separate actions by individual members of the Class and Sub-Class would likely create a risk of inconsistent or varying adjudications with respect to individual members of the Class and Sub-Class thereby establishing incompatible standards of conduct for Defendant or would allow some members of the Class or Sub-Class' claims to adversely affect other members of the Class or Sub-Class' ability to protect their interests;

c.  this forum is appropriate for litigation of this action since a substantial portion of the transactions, acts, events, and omissions alleged herein occurred in this District;

d.  the Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

e.  the Class and Sub-Class are readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

23.  For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## SUBSTANTIVE ALLEGATIONS

24.  On March 15, 2015, Premera Blue Cross announced a severe data security breach of its computer network that may adversely impact more than 11 million individuals nationwide.

25.  The Company's website, www.premeraupdate.com, further revealed that:

> We notified the FBI and are coordinating with the Bureau's investigation into this attack. We worked closely with Mandiant, one of the world's leading cybersecurity firms, to conduct our investigation and to remove the infection created by the attack on our IT systems.  Along with steps we took to cleanse our IT system

COMPLAINT
No. C15-512

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

1    of issues raised by this cyberattack, Premera is taking additional
2    actions to strengthen and enhance the security of our IT systems
     moving forward."

3
     26.    In terms of the Insureds' sensitive PII that was improperly accessed and likely
4
exported from the Premera computer network, www.premeraupdate.com, states:
5
6            attackers may have gained unauthorized access to applicants and
             members' information, which could include member name, date of
7            birth, email address, address, telephone number, Social Security
             number, member identification numbers, bank account
8            information, and claims information, including clinical
9            information.  This incident also affected members of other Blue
             Cross Blue Shield plans who sought treatment in Washington or
10           Alaska.

11
     27.    In terms of the scope of the data security breach, the Premera website revealed
12
that attackers gained unauthorized access to its systems and may have accessed the personal
13
information of their members, employees and other people they do business with.
14
     28.    The Premera website states that individual Insureds whose sensitive PII stored on
15
Premera's computer system was accessed improperly will, at some point in the future, be
16
personally notified via U.S. Mail:
17
18           We are *beginning* to mail letters to affected individuals today,
             March 17, 2015.
19
20   (Emphasis added).

21   29.    On March 20, 2015, Patty Murray, Washington's senior senator and the ranking
22   Democrat on the Health, Education, Labor and Pensions Committee released a letter to the
23   President of Premera stating:

24           I write to express my serious concern regarding the cyberattack on
             Premera Blue Cross and the failure of the company to make this
25           information public and begin notifying current and former policy
26           holders for over six weeks.  These failures are particularly
             troubling given the scope of the attack.  Not only did attackers
27

COMPLAINT
No. C15-512

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

access the personal information, such as names, birthdates, and
Social Security numbers of millions of my constituents, they also
potentially gained access to the personal health information and
financial information of 11 million people, including 6 million
current and former Washington state residents.  In addition, the
confidential financial information of employers in my state,
ranging from some of the largest companies with thousands of
policy-holders to smaller organizations that are least able to bear
the cost of the attack, was accessed.

**Premera Promised to Protect Its Customers' Confidential Information**

30.     Premera has represented and continues to represent that the Insureds' PII will be

protected.  The Company website contains a Personal Information (Including Social Security

Number) Privacy Protection Policy that states:

> OUR RESPONSIBILITIES TO PROTECT YOUR PERSONAL
> INFORMATION
>
> Under both the Health Insurance Portability and Accountability
> Act of 1996 (HIPAA) and the Gramm-Leach-Bliley Act, Premera
> Blue Cross must take measures to protect the privacy of your
> personal information. In addition, other state and federal privacy
> laws may provide additional privacy protection. Examples of your
> personal information include your name, Social Security number,
> address, telephone number, account number, employment, medical
> history, health records, claims information, etc.
>
> We protect your personal information in a variety of ways. For
> example, we authorize access to your personal information by our
> employees and business associates only to the extent necessary to
> conduct our business of serving you, such as paying your claims.
> We take steps to secure our buildings and electronic systems from
> unauthorized access. We train our employees on our written
> confidentiality policy and procedures and employees are subject to
> discipline if they violate them. Our privacy policy and practices
> apply equally to personal information about current and former
> members; we will protect the privacy of your information even if
> you no longer maintain coverage through us.

COMPLAINT
No. C15-512

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    https://www.premera.com/wa/visitor/privacy-policy/.

2         31.     Premera's statement about its data security and management practices—both

3    though its privacy policies and other public representations-served to falsely inflate the

4    advertised benefits (and security) of its insurance, thus allowing it and/or its affiliates to charge

5    members higher costs for insurance, thus allowing it and/its affiliates to charge members higher

6    costs for insurance and treatment.  Specifically, Premera represented that it would take

7    affirmative and commercially reasonable measures to protect consumers PII and actively prevent

8    disclosure and unauthorized access.

9    **Warnings Leading up to Breach—Premera Knew of Security Deficiencies Raised by the**

10   **U.S. Office of Personnel Management in April 2014**

11        32.     Premera provides insurance for over 130,000 federal employees.  The U.S. Office

12   of Personnel Management (OPM) Office of the Inspector General (OIG) provides monitoring of

13   Premera and other healthcare insurance providers that provide services to federal employees.

14   Among other things, OIG conducts audits of the health care companies' information systems on

15   a yearly basis.  The OIG conducted an audit of Premera's information systems in 2014 and in

16   April 2014, Premera received a copy of the OIG's audit report.  In June 2014, Premera sent its

17   responses to the OIG audit report and the Final Audit Report was released on November 28,

18   2014.  In its Final Report, the OIG recommended that Premera fix ten (10) problems.  Among

19   the recommendations was that Premera remedy vulnerabilities that could be exploited by hackers

20   and expose sensitive information.  The OIG Final Audit Report identified several IT security

21   deficiencies that Premera had not remediated.  Premera indicated in response  that it had not yet

22   complied in making the recommended changes to its security system or, in one instance,

23   indicated that Premera "respectfully disagrees" with the Inspector General's recommendations

24   regarding what the OIG identified as "critical security patches."

25        33.     Premera must have also been aware of the necessity of sufficiently securing

26   Insureds' PII maintained on the Premera computer system given the repeated and ominous red

27

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    flags raised by high-profile intrusions and data theft by hackers of computer systems of large

2    U.S. retailers such as Target, Staples, and Home Depot and financial institutions such as JP

3    Morgan.

4             34.     Further, numerous warnings directed specifically to health care companies were

5    issued by the federal government.  For example, in April 2014, the FBI issued a warning directly

6    to the health care industry that lax security rendered health care companies prime targets for data

7    thieves.  For example, on April 27, 2014, *Reuters* reported that the FBI has warned healthcare

8    providers their cybersecurity systems are lax compared to other sectors, making them vulnerable

9    to attacks by hackers searching for Americans' personal medical records and health insurance

10   data and that health data is far more valuable to hackers on the black market than credit card

11   numbers because it tends to contain details that can be used to access bank accounts or obtain

12   prescriptions for controlled substances.  *Reuters* reported that a series of privately commissioned

13   reports published over the past few years have urged healthcare systems to boost security.

14            35.     In fact, the FBI warning dated April 4, 2014 quoted by *Reuters* states:

15                    The healthcare industry is not as resilient to cyber intrusions
16                    compared to the financial and retail sectors, therefore the
                      possibility of increased cyber intrusions is likely.
17

18            36.     Premera, nevertheless, failed to take necessary steps to protect its Insureds' PII

19   stored on its computer system.  Among other things, the tens of millions of records that

20   contained sensitive PII of the Plaintiff and other members of the Class and Sub-Class were not

21   encrypted.  Encryption is the process of encoding information in such a way that only authorized

22   parties can read it.  Properly encrypted records would have been useless to hackers.

23   **The 2014-2015 Data Security Breach of Premera Insureds' PII**

24            37.     Premera has not revealed how its computer system was breached, who is

25   responsible for the breach or exactly how many Premera Insureds were affected.  On March 15,

26   2015, Premera revealed that there was a breach of its computer system and that Insureds' PII had

27   been improperly accessed.  Premera's website states that on January 29, 2015, Premera

COMPLAINT
No. C15-512

- 11 -

1   discovered that cyber attackers had executed a "sophisticated attack" to their Information

2   Technology systems.  Premera also states that the initial attack occurred on May 5, 2014.  In

3   other words, hackers had uninhibited access to Premera members' PII for at least eight to nine

4   months.

5          38.     Premera admitted on its web-site that it was aware of the data breach as of

6   January 29, 2015, yet waited eight (8) weeks until March 15, 2015 to provide any notice to the

7   public, including to the Plaintiff, that there had been a data breach.  In fact, on February 6, 2015,

8   Premera provided information to its members on its web-site regarding the Anthem data breach

9   and, at the same time, assured its members that Premera "has a dedicated IT security team who is

10  constantly working to safeguard our members' data".  At this same time, Premera was aware of

11  their own data breach but chose not to disclose it to their members.

12         39.     The Premera computer system that was breached contained extremely sensitive

13  PII of about 11 million individuals and included names, dates of birth, member ID/ social

14  security numbers, bank account information, addresses, phone numbers, email addresses,

15  medical records and clinical information and employment information of approximately 11

16  million individuals including customers, former customers, their children and businesses that had

17  dealings with Premera.

18         40.     Defendant not only failed to timely disclose the data breach, Defendant continued

19  to accept premium payments from the Insured, personal identifying information and on-going

20  medical information while knowing that their computer systems had been hacked and they could

21  not adequately secure their members' information.  Had Premera provided timely and accurate

22  notice of the Data Breach Plaintiff and the other members of the Sub-Class would have been able

23  to avoid and/or to attempt to ameliorate or mitigate the damages and harm caused by the Data

24  Breach.  Plaintiff and the Sub-Class members could have avoided providing further data to

25  Premera, could have avoided use of Premera's services, and could have contacted their providers

26  to retrieve or request denial of providing same to Premera, or could otherwise have tried to avoid

27  the harm caused by Premera's delay in providing timely and accurate notice.

COMPLAINT
No. C15-512
                                      - 12 -

**Letter Notifying Premera Insureds of Improper Access to Their PII**

41.     On or about March 17, 2015, the Plaintiff received a letter signed by Premera's President, Jeff Roe, that acknowledged hackers may have gained access information to the Plaintiff's and the other Insureds "vital personal such as names, addresses, phone numbers, dates of birth, social security numbers" as well as "claims information, including clinical information." Thus the exposure of Insured's PII is both broad and deep.

42.     Further, the March 17, 2105 letter states that Premera discovered the breach on January 29, 2015 and that the initial intrusion occurred on May 5, 2014.  Premera provided no explanation of why Premera's insureds whose PII was accessed were not notified earlier than March 17, 2015.

**Plaintiff and Members of the Class and Sub-Class Have Been Harmed**

43.     Premera's failure to maintain the security of Plaintiff's and other members of the Class' PII has caused immediate injury to them by placing them at much greater risk of identity theft for which Plaintiff's and members of the Class must spend time and money now to avoid, detect, mitigate and/or remediate against further harm as reflected by, among other things, Premera's offer of two years of "free" credit and ID theft monitoring:  Damages incurred by Plaintiff and the Class include:

     a.     theft of their highly sensitive confidential PII;

     b.     potential ongoing out-of-pocket costs associated with the detection and prevention of financial, tax, medical, and other forms of identity theft;

     c.     costs associated with unreimbursed time spent and the loss of productivity from taking time to address, mitigate, and attempt to ameliorate, and address actual and future harm caused by of the data breach;

     d.     imminent and impending injury flowing from potential fraud and identity theft posed by their personal and financial information being accessed by hackers and identity theft merchants;

COMPLAINT
No. C15-512

- 13 -

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

e.    inflated price paid to Premera for health insurance during the period of time when the confidential information entrusted to Premera was subject to data breach, in that Plaintiff and the Class members would not have purchased Premera insurance, directly or indirectly, had Premera disclosed that it lacked adequate systems and procedures to sufficiently safeguard Insureds' PII and had Premera provided timely and accurate notice of the Premera data breach;

f.    inflated price paid to Premera for health insurance in that a portion of the price for insurance paid by Plaintiff and the Class and Sub-Class to Premera was for Premera providing reasonable and adequate safeguards and security measures to sufficiently protect Insureds' PII which Premera did not do;

g.    risk that their PII is sold and resold to identity thieves to commit crimes against Plaintiff and the Class and Sub-Class; and

h.    risk that PII is not safe and subject to further improper access with Premera until Premera undertakes appropriate and adequate measures to sufficiently protect Plaintiff's and Class and Sub-Class members' PII.

44.    Premera is already warning its Insureds to be on the lookout for signs for identity theft scams to which the Class and Sub-Class may be subjected to.  Indeed, within days of Premera's disclosure of the breach, Premera warned on their website that:

> Premera won't email you or make unsolicited phone calls to you regarding this incident. Please be on the alert if you are contacted and asked to provide personal information.

45.    For the rest of their lives, Plaintiff and other members of the Class and Sub- Class will be forced to spend additional hours maintaining heightened diligence of all of their accounts, medical policies, tax returns, etc., for fear of acts of identity theft against them and their families.

46.    According the U.S. Department of Justice, victims of identity theft have had, among other things, bank accounts wiped out, credit histories ruined, and jobs and valuable possessions taken away.  In some cases, they have even been arrested for crimes committed by

COMPLAINT
No. C15-512

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    others using their name.  The financial toll exacted by identity theft can be crippling, and the

2    emotional trauma can be as devastating.  A Federal Reserve Bank of Boston document states that

3    identity thieves often use a stolen identity again and again and that it is very common for victims

4    to learn thieves have opened and accessed accounts spanning several years.

5          47.       According to http://kaiserhealthnews.org/news/rise-of-indentity-theft/, the

6    definition of medical identity theft is the fraudulent acquisition of someone's personal

7    information – name, Social Security number, health insurance number – for the purpose of

8    illegally obtaining medical services or devices, insurance reimbursements or prescription drugs.

9    Pam Dixon, the founder and executive director of World Privacy Forum is quoted as stating

10   "Medical identity theft is a growing and dangerous crime that leaves its victims with little to no

11   recourse for recovery," and "Victims often experience financial repercussions and worse yet,

12   they frequently discover erroneous information has been added to their personal medical files

13   due to the thief's activities."

## COUNT I

### Negligence

16         48.       Plaintiff incorporates and re-alleges the allegations contained in the preceding

17   paragraphs as if fully set forth herein.

18         49.       Premera owed a duty to exercise reasonable care in obtaining, retaining, securing,

19   safeguarding, deleting and protecting personal and financial information in its possession from

20   being compromised, lost, stolen, accessed and misused by unauthorized persons.  This duty

21   included, among other things, designing, maintaining, and testing Premera's computer network

22   (including promptly remedying security issues raised by the OIG and  cooperating with the OIG

23   in security audits of its computer systems) securities systems to ensure that Plaintiff and the other

24   members of the Class and Sub-Class' PII in Premera's possession were adequately secured and

25   protected.  Premera further owed a duty to Plaintiff and the other members of the Class and Sub-

26   Class to implement processes that would detect a breach of its security system and to prevent

27   mass exports of highly sensitive PII to outside of the Premera computer network.

COMPLAINT
No. C15-512

- 15 -

50.     Premera owed a duty to Plaintiff and the other members of the Class and Sub-Class to provide security as required by HIPAA to ensure that its computer systems and networks, and the personnel responsible for them, adequately protected the PII of Plaintiff and the other members of the Class and Sub-Class.

51.     Premera owed a duty of care to Plaintiff and the other members of the Class and Sub-Class because they were foreseeable and probable victims of a data breach given dated and inadequate computer systems and security practices.  Premera solicited, gathered, and stored the personal information for its own business purposes and in order to facilitate transactions with its Insureds.  Premera, in the absence of negligence, would have known that a breach of its systems would cause damages to Plaintiff and the other members of the Class and Sub-Class and that Premera had a duty to adequately protect such sensitive PII.

52.     Plaintiff and the other members of the Class and Sub-Class entrusted Premera with their PII, based on their understanding that Premera would safeguard their PII, and that Premera was in a position to protect against the harm caused to Plaintiff and the other members of the Class and Sub-Class as a result of the data breach.

53.     Premera's own conduct created a foreseeable risk of harm to Plaintiff and the other members of the Class and Sub-Class.  Premera's misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent and stop the data breach as set forth herein.

54.     Premera breached the duties it owed to Plaintiff and the other members of the Class and Sub-Class by failing to exercise reasonable care and implement adequate security systems, protocols and practices sufficient to protect the PII of Plaintiff the members of the Class and Sub-Class.

55.     Premera breached the duties it owed to Plaintiff and the other members of the Class and Sub-Class by failing to properly implement technical systems or security practices that could have prevented the loss of the confidential data at issue.

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

56.     Premera breached the duties it owed to Plaintiff and the other members of the Class and Sub-Class by failing to properly maintain their PII in Premera's possession which has been stolen by hackers.  Premera, in the absence of negligence, should have known that Plaintiff and the other members of the Class and Sub-Class were foreseeable victims of a data breach of its systems because of applicable laws and statutes that require Premera to reasonably safeguard sensitive PII.  By its acts and omissions described herein, Premera unlawfully breached this duty.

57.     Plaintiff and the other members of the Class and Sub-Class were damaged by Premera's breach of this duty.

58.     The PII that was compromised by the breach of the Defendant's inadequate security included, without limitation, information that was being improperly stored and inadequately safeguarded by the Defendant.  The breach of security was a direct and proximate result of the Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the PII of Plaintiff and the other members of the Class and Sub- Class.  This breach of security and unauthorized access to the private, nonpublic information of Plaintiff and the other members of the Class and Sub-Class was reasonably foreseeable, particularly in light of the April 2014 warnings regarding, among other things, the targeting by hackers of personal information maintained on the data bases of health care companies.

59.     The Defendant was in a special relationship of trust with Plaintiff and the other members of the Class and Sub-Class by reason of its entrustment with highly sensitive PII.  By reason of this special relationship, Defendant had a duty of care to comply with HIPAA and to keep the PII of the Class and Sub-Class private and secure.  The Defendant has unlawfully breached that duty.

60.     Compromising and failing to maintain the privacy of Plaintiff' and the other members of the Class and Sub-Class' PII has directly and proximately caused an immediate harm and burden.  Plaintiff and the other members of the Class and Sub-Class are now forced to be on a constant heightened lookout for signs of identity theft and will need to undertake

COMPLAINT
No. C15-512

- 17 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   numerous ongoing expenses and preventive (or remedial) measures because their PII is no longer

2   private.  Defendant knew or should have known that the network on which it stored the personal

3   information of tens of millions of its Insureds had vulnerabilities and was at risk of breach by

4   hackers.  Defendant was negligent in continuing such data processing in light of those

5   vulnerabilities and the sensitivity of the data.

6       61.     As a direct and proximate result of the Defendant's conduct, Plaintiff and the

7   other members of the Class and Sub-Class suffered damages including, but not limited to, loss of

8   control of their PII, the burden and cost of heightened monitoring for signs for identity theft and

9   for undertaking actions such as credit freezes and alerts to prevent identity theft, and remediating

10  acts and damages caused by identity theft, and other economic damages.

**COUNT II**

**Breach of Implied Contract**

13      62.     Plaintiff incorporates and re-alleges the allegations contained in the preceding

14  paragraphs as if fully set forth herein.

15      63.     By providing Plaintiff' and the other Class and Sub-Class members' PII to

16  Premera to directly or indirectly purchase and maintain medical insurance policies and to arrange

17  for payment and/or reimbursement for medical care under Premera insurance policies, Plaintiff

18  and the other members of the Class and Sub-Class entered into implied contracts with Premera

19  pursuant to which Premera agreed to safeguard and protect such information from unauthorized

20  access and theft.

21      64.     Plaintiff and the other members of the Class and Sub-Class fully performed their

22  obligations under the implied contracts with Premera.

23      65.     Defendant breached the implied contracts it had made with the Plaintiff and the

24  other members of the Class and Sub-Class by failing to safeguard and protect the personal and

25  financial information of Plaintiff and the other members of the Class and Sub-Class, and by

26  allowing unauthorized access to the Premera computer network and the mass exporting of PII

27  from the Premera.

COMPLAINT
No. C15-512

- 18 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

66.     The damages to Plaintiff and the other members of the Class and Sub-Class as described herein were the direct and proximate result of the Defendant's breaches of these implied contracts.

## COUNT III

### Unjust Enrichment

67.     Plaintiff incorporates and re-alleges all allegations contained in the preceding paragraphs as if fully set forth herein.

68.     Plaintiff and the other members of the Class and Sub-Class conferred a monetary benefit upon Premera, directly or indirectly, in the form of premiums paid, directly or indirectly, for the purchase medical insurance policies from Premera during the period of the data breach.

69.     Premera has knowledge of the benefits conferred directly upon it by Plaintiff and the other members of the Class and Sub-Class.

70.     The monies paid, directly or indirectly, for the purchase of insurance policies by Plaintiff and the other members of the Class and Sub-Class from Premera during the period of data breach were supposed to be used by Premera, in part, to pay administrative and other costs of providing reasonable data security and protection to Plaintiff and the other members of the Class and Sub- Class.

71.     Premera failed to provide reasonable security, safeguards and protection to the PII of Plaintiff and the other members of the Class and Sub-Class and, as a result, Plaintiff and the other members of the Class and Sub-Class overpaid Premera, directly or indirectly, for insurance services purchased during the period of the data breach.

72.     Under principles of equity and good conscience, Premera should not be permitted to retain the amounts paid for insurance service belonging to Plaintiff and the other members of the Class and Sub-Class, because Premera failed to provide adequate safeguards and security measures to protect Plaintiff' and the other members of the Class and Sub-Class' PII that they paid for but did not receive.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

73.     As a result of Premera's conduct as set forth in this Complaint, Plaintiff and the other members of the Class and Sub-Class suffered damages and losses as stated above, including monies paid for Premera insurance policies that Plaintiff and the other members of the Class and Sub-Class would not have purchased had Premera disclosed the material fact that it lacked adequate measures to safeguard Insureds PII data, and including the difference between the price paid for Premera policies as promised and the actual diminished value of services received.

74.     Plaintiff and the other members of the Class and Sub-Class have conferred directly upon Premera an economic benefit in the nature of monies received and profits resulting from premiums paid and unlawful overcharges to the economic detriment of Plaintiff and the other members of the Class and Sub-Class.

75.     The economic benefit, including premiums paid and the overcharges and profits derived by Premera and paid by Plaintiff and the other members of the Class and Sub-Class, is a direct and proximate result of Premera's unlawful practices as set forth in this Complaint.

76.     The financial benefits derived by Premera rightfully belong to Plaintiff and the other members of the Class and Sub-Class.

77.     It would be inequitable under established unjust enrichment principles for Premera to be permitted to retain any of the financial benefits, premiums, profits and overcharges derived from Premera's unlawful conduct as set forth in this Complaint.

78.     Premera should be compelled to disgorge into a common fund for the benefit of Plaintiff and the other members of the Class and Sub-Class all unlawful or inequitable premiums received by Premera.

79.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Premera traceable to Plaintiff and the other members of the Class and Sub-Class.

COMPLAINT
No. C15-512

- 20 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

**COUNT IV**

**Bailment**

80.     Plaintiff incorporates and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

81.     Plaintiff and the other members of the Class and Sub-Class delivered their PII to Premera for the exclusive purpose of purchasing and utilizing insurance policies from Premera.

82.     In delivering their PII to Premera, Plaintiff and the other members of the Class and Sub-Class intended and understood that Premera would adequately safeguard their personal information.

83.     Premera accepted possession of Plaintiff' and the other members of the Class and Sub-Class' PII in acting as an insurer of the Plaintiff and the other members of the Class and Sub-Class.

84.     In accepting possession of Plaintiff' and the other members of the Class and Sub-Class' PII, Premera understood that Plaintiff and the other members of the Class and Sub-Class expected Premera to adequately safeguard their PII.  Accordingly a bailment (or deposit) was established for the mutual benefit of the parties.

85.     During the bailment (or deposit), Premera owed a duty to Plaintiff and the other members of the Class and Sub-Class to exercise reasonable care, diligence and prudence in protecting their PII.

86.     Premera breached its duty of care by failing to take appropriate measures to safeguard Plaintiff' and the other members of the Class and Sub-Class' PII, resulting in the unlawful and unauthorized access and mass exporting of that information from Premera's computer network to unauthorized recipients.

87.     As a direct and proximate result of Premera's breach of its duty, Plaintiff and the other members of the Class and Sub-Class suffered immediate  damages that were reasonably foreseeable to Premera, including but not limited to the damages sought herein.

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

88.     As a direct and proximate result of Premera's breach of its duty, the PII of Plaintiff and the other members of the Class and Sub-Class entrusted to Premera during the bailment (or deposit) was forever damaged and its value diminished.

89.     Plaintiff and the other members of the Class and Sub-Class have no adequate remedy at law.

**COUNT V**

**Violations of the New Jersey Consumer Fraud Act**

**(on behalf of plaintiff and the New Jersey Sub-Class)**

90.     Plaintiff incorporates and re-alleges all allegations contained in the preceding paragraphs as if fully set forth herein.  This claim is brought under New Jersey statute 56:8-2 et seq. (the "NJCFA").

91.     Plaintiff and the other members of the New Jersey Sub-Class are consumers who provided PII to Premera for personal and private use

92.     The NJCFA prohibits the "use or employment by any person of any unconscionable commercial practice, deception or fraud, false pretense, false promise or misrepresentation, or the knowing concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate…is declared to be an unlawful practice…"

93.     Premera engaged in the conduct alleged in this Complaint in transactions intended to result, and which did result, in the provision the sale of goods or services to consumers, including Plaintiff and the other members of the New Jersey Sub-Class.

94.     Defendant is engaged in, and its acts and omissions affect, trade and commerce. Premera's acts, practices and omissions were done in the course of Premera's business of marketing and offering medical health care insurance and services throughout the United States, including in New Jersey.

COMPLAINT
No. C15-512

- 22 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

95.     Premera's conduct, as alleged in this Complaint, including without limitation, Premera's failure to maintain adequate computer systems and data security practices to safeguard insureds' personal and financial information, Premera's failure to disclose the material fact that Premera's computer systems and data security practices were inadequate to safeguard insureds' personal and financial data from theft, Premera's failure to disclose in a timely and accurate manner to Plaintiff and the other members of the Class the material fact of the Data Breach and Premera's continued use and storage of Plaintiff's and the other Sub-Class members' PII after Premera knew or in the absence of negligence should have known of the data breach and before it purged its data systems from malware, constitutes unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices.

96.     Plaintiff and the New Jersey Sub-Class never would have provided their sensitive and personal PII if they had been told or knew that Premera failed to maintain sufficient security to keep such PII from being hacked and taken by others and that Premera failed to maintain their information in encrypted form.

97.     Premera's practices, acts, policies and course of conduct are actionable in that:

(a)     Premera actively and knowingly misrepresented or omitted disclosure of material information to Plaintiff  and the New Jersey Sub-Class at the time they provided their PII information that Premera did not have sufficient security or mechanisms to protect PII; and

(b)     Premera failed to give adequate warnings and notices regarding the defects and problems with its defective system of security that it maintained to protect Plaintiff and the New Jersey Sub-Class' PII.  Premera possessed prior knowledge of the inherent defects in Premera's system of security and failed to give adequate and timely warnings that there had been a data breach and hacking episodes had occurred.

98.     The aforementioned conduct is and was deceptive, false, fraudulent, and constitutes an unconscionable commercial practice in that Premera has, by the use of false or deceptive statements and/or knowing intentional material omissions, misrepresented and/or

COMPLAINT
No. C15-512

- 23 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    concealed the defective security system it maintained and failed to reveal the data breach timely

2    and adequately.

3        99.    Members of the New Jersey Sub-Class were deceived by and relied upon

4    Premera's affirmative misrepresentations and failures to disclose.

5        100.    Such acts by Premera are and were deceptive acts or practices which are and/or

6    were, likely to mislead a reasonable consumer providing their PII to Premera.  Said deceptive

7    acts and practices aforementioned are material.  The requests for and use of such PII materials in

8    New Jersey and concerning New Jersey residents and/or citizens was a consumer-oriented and

9    thereby falls under the New Jersey Consumer Fraud Act.

10        101.    Premera's wrongful conduct caused Plaintiff and the New Jersey Sub-Class to

11    suffer a consumer-related injury and ascertainable losses by causing them to incur substantial

12    expense to protect from misuse of the PII materials by third parties and placing Plaintiff and the

13    Sub-Class at serious risk for monetary damages.

14        102.    In addition to or in lieu of actual damages, because of the injury, Plaintiff and the

15    New Jersey Sub-Class seek treble damages, attorneys' fees and costs for each injury and

16    violation which has occurred.

17                                **COUNT VI**

18                **Violation of the Washington Consumer Protection Act**

19        103.    Plaintiff incorporates and re-alleges all allegations contained in the preceding

20    paragraphs, except ¶¶ 90-102, as if fully set forth herein.  This claim is brought under RCW §

21    19.86.010 et seq. (the "Washington CPA").

22        104.    The purpose of Washington CPA is "to protect the public and foster fair and

23    honest competition …" The act is "liberally construed" to serve its beneficial purposes.  RCW

24    § 19.86.920.

25        105.    To achieve its goals, the Washington CPA prohibits any person from using

26    "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any

27    trade or commerce ..." RCW § 19.86.020.

COMPLAINT
No. C15-512                          - 24 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

106.     In the context of the Washington CPA, pleading and proof of an unfair or deceptive act or practice under RCW § 19.86.020 bears little resemblance to pleading and proof of common-law fraud. It can be predicated on an act or practice that has the capacity to deceive the public; or an unfair or deceptive act or practice not regulated by statute but in violation of public interest. An act or practice can be unfair without being deceptive and still violate the Washington CPA.

107.     Premera, by failing to maintain sufficient security to keep PII from being hacked and taken by others and failing to maintain the information in encrypted form, engaged in wrongful conduct that was both unfair and deceptive within the meaning of the Washington CPA.

108.     Premera's wrongful practices occurred in the conduct of trade or commerce.

109.     Premera's wrongful practices were and are injurious to the public interest because those practices were part of a generalized course of conduct on the part of Premera that applied to all Class members and were repeated continuously before and after PII concerning Plaintiff was provided to Premera.  All Class members have been adversely affected by Premera's conduct and the public was and is at risk.

110.     As a result of Premera's wrongful conduct, Plaintiff and the Class members were injured in their business or property in that they never would have provided their sensitive and personal PII – property that they have now lost – if they had been told or knew that Premera failed to maintain sufficient security to keep such PII from being hacked and taken by others and/or that Premera failed to maintain the information in encrypted form.

107.     Premera's unfair and/or deceptive conduct proximately caused Plaintiff Kaplowitz's and the Class members' injury because, had Premera maintained sufficient security and encrypted the sensitive information in its computers, Plaintiff and the Class members would not have lost it.

108.     Plaintiff and the Class seek actual and treble damages, injunctive relief, attorneys' fees, and costs for their injury.

COMPLAINT
No. C15-512

- 25 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

COUNT VII

**Violation of the New Jersey Data Breach Act**

109.    Plaintiff incorporates and re-alleges all allegations contained in the preceding paragraphs, except ¶¶ 90-102, as if fully set forth herein. Plaintiff and the other members of the New Jersey Sub-Class are consumers who provided PII to Premera for personal and private use.

110.    By failing to timely notify customers of the Data Breach, Premera violated N.J. Stat. Ann. §56:8-163(a) et seq., which provides:

> (a) Any business that conducts business in New Jersey, or any public entity that compiles or maintains computerized records that include personal information, shall disclose any breach of security of those computerized records following discovery or notification of the breach to any customer who is a resident of New Jersey whose personal information was, or is reasonably believed to have been, accessed by an unauthorized person.  The disclosure to a customer shall be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subsection c. of this section, or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system.  Disclosure of a breach of security to a customer shall not be required under this section if the business or public entity establishes that misuse of the information is not reasonably possible.  Any determination shall be documented in writing and retained for five years.
>
> * * *
>
> (c)(2) The notification required by this section shall be delayed if a law enforcement agency determines that the notification will impede a criminal or civil investigation and that agency has made a request that the notification be delayed.  The notification required by this section shall be made after the law enforcement agency determines that its disclosure will not compromise the investigation and notifies that business or public entity.
>
> * * *

COMPLAINT
No. C15-512

- 26 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

56:8-166  It shall be an unlawful practice and a violation of P.L.
1960, c.39 (C.56:8-1 et seq.) to willfully, knowingly or recklessly
violate sections 10 through 13 of this amendatory and
supplementary act.

111.    The Premera data breach constituted a breach of the security system of Premera within the meaning of the above New Jersey data breach statute and the data breached was protected and covered by the data breach statute.

112.    Premera unreasonably delayed informing the public, including Plaintiff and the members of the Sub-Class about the data breach after Premera knew or should have known that the Data Breach had occurred.

113.    While the Data Breach began in approximately early May 2014, Premera did not notify customers of the Data Breach until mid-March of the following year.

114.    When Premera was eventually informed of the Data Breach on January 29, 2015, Premera took no action to disclose or notify the public of the Data Breach, while the breach continued.

115.    Eventually Premera disclosed the data breach to Plaintiff, on or after March 17, 2015 more than ten months after it commenced on or about May 5, 2014, while attempting to minimize its significance to the public.

116.    Thus, Premera failed to disclose the data breach to Plaintiff and the other members of the Sub-Class without unreasonable delay and in the most expedient time possible.

117.    Premera has provided no indication that any law enforcement agency requested that Premera delay notification.  Plaintiff and the other members of the Sub-Class suffered harm directly resulting from Premera's failure to provide and the delay in providing notification of the data breach with timely and accurate notice as required by law.

118.    As a result of said deceptive trade practices, Defendant has directly, foreseeably, and proximately caused damages to Plaintiff and the other members of the Sub-Class.  Had Premera provided timely and accurate notice of the data breach Plaintiff and the other members

COMPLAINT
No. C15-512

- 27 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

1  of the Sub-Class would have been able to avoid and/or attempt to ameliorate or mitigate the

2  damages and harm resulting in the unreasonable delay by Premera in providing notice.  Plaintiff

3  and the Sub-Class members could have avoided providing further data to Premera, could have

4  avoided use of Premera's services, and could have contacted their providers to retrieve or request

5  denial of providing same to Premera, or could otherwise have tried to avoid the harm caused by

6  Premera's delay in providing timely and accurate notice.

7  **COUNT VIII**

8  **Violation of the Washington Data Breach Act**

9  119.   Plaintiff incorporates and re-alleges all allegations contained in the preceding

10  paragraphs, except ¶¶ 90-102, as if fully set forth herein.

11  120.   The data breach described above constituted a "breach of the security of the

12  system" of Premera, within the meaning of RCW § 19.255.010(a).

13  121.   The information lost in the data breach constituted "personal information" within

14  the meaning of RCW § 19.255.010(a).

15  122.   Premera failed to implement and maintain reasonable security procedures and

16  practices appropriate to the nature and scope of the information compromised in the data breach.

17  123.   Premera unreasonably delayed informing anyone about the breach of security of

18  Plaintiff and the Class's confidential and non-public information, including social security

19  numbers and bank account numbers, after Premera knew the data breach had occurred on  May

20  5, 2014.

21  124.   Premera failed to disclose to Plaintiff and the Class, without unreasonable delay,

22  and in the most expedient time possible, the breach of security of their unencrypted, or not

23  properly and securely encrypted, PII when they knew or reasonably believed such information

24  had been compromised. Plaintiff was not informed of the data breach until on or after March 17,

25  2015.

26  125.   Premera admitted on its web-site that they became aware of the data breach on

27  January 29, 2015 yet they waited until March 17, 2015 to provide notice to Plaintiff, that there

COMPLAINT
No. C15-512

- 28 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

had been a data breach.  In fact, on February 6, 2015, Premera provided information to its members on its web-site regarding the Anthem data breach and, at the same time, assuring its members that Premera "has a dedicated IT security team who is constantly working to safeguard our members' data".  At this time, Premera was aware of its own data breach but chose not to disclose it to their members.

126.    Upon information and belief, no law enforcement agency instructed Premera that notification to Plaintiff and the Class would impede investigation.

127.    As a result of Defendant's violation of RCW § 19.255.010 (a), Plaintiff and Class incurred economic damages, including expenses associated with necessary identity theft monitoring.

128.    Plaintiff  individually and on behalf of the Class, seeks all remedies available under Washington state law, including but not limited to: (a) damages suffered by the Plaintiff and the Class as alleged above; (b) statutory damages for Premera's willful, intentional, and/or reckless violation of RCW § 19.255.010(a); and (c) equitable relief.

129.    Plaintiff, individually and on behalf of the Class, also seeks reasonable attorneys' fees and costs under RCW § 19.255.010(a).

## COUNT IX

### Violation of the Washington Medical Records —

### Health Care Information Access and Disclosure

130.    Plaintiff incorporates and re-alleges all allegations contained in the preceding paragraphs, except ¶¶ 90-102, as if fully set forth herein.

131.    Premera is a third party provider within the meaning of RCW § 70.02.045 and maintains medical information as defined by RCW § 70.02.010.

132.    Premera misused and/or disclosed medical information regarding Plaintiff and other members of the Class without written authorization compliant with the provisions of RCW § 70.02.045.

COMPLAINT
No. C15-512

- 29 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

133.    Premera's misuse and/or disclosure of medical information regarding the Plaintiff Class constitutes a violation of RCW § 70.02.045.

134.    Plaintiff and the Class suffered damages from the improper disclosure of their medical information.  Therefore, Plaintiff and the Class seek relief under RCW ch. 70.02.

135.    Plaintiff and the Class seek actual damages, statutory damage, statutory penalties, attorney fees and costs pursuant to RCW § 70.02.170.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief:

a.      certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and appoint the Plaintiff as Class and Sub-class representatives and his counsel as class counsel;

b.      enter judgment in favor of Plaintiff and the other members of the Class and Sub-Class, and against Premera under the legal theories alleged herein;

c.      award Plaintiff and the other members of the Class and Sub-Class appropriate relief, including actual and statutory damages, restitution, and disgorgement;

d.      award attorney's fees, expenses, and costs of this suit;

e.      award the Plaintiff and the other members of the Class and Sub-Class pre-judgment and post-judgment interest to the maximum extent allowable by law;

f.      award the Plaintiff and the other members of the Class and Sub-Classes equitable, injunctive, and declaratory relief as may be appropriate under applicable laws. Plaintiff on behalf of the other members of the Class and Sub-Class seek appropriate injunctive relief designed to ensure against the recurrence of a data breach by adopting and implementing reasonable data security practices to safeguard customers' medical, financial, and personal information, by an order requiring Premera to implement reasonable data security enhancements as they become available, including data encryption, segregation of sensitive data, more robust passwords,

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   authentication of users, increased control of access to sensitive information on the network, and

2   prohibitions of mass exports of sensitive data;

3          g.      enter such additional orders or judgment as may be necessary to prevent the Data

4   Breach from recurring and to restore any interest or any money or property which may have been

5   acquired by means of violations set forth in this Complaint; and

6          h.      award such other and further relief as it may deem just and appropriate.

7   **DEMAND FOR JURY TRIAL**

8         Plaintiff, individually and on behalf of all others similarly situated, demands a trial by

9   jury on all issues so triable.

10

11   Dated: April 1, 2015          *s/  Cliff Cantor*
                                   Cliff Cantor, WSBA # 17893

12                                      **LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
                                   627 208th Ave. SE

13                                      Sammamish, WA 98074
                                   Tel:    (425) 868-7813

14                                      Fax:    (425) 732-3752

15                                      Email: cliff.cantor@outlook.com

16                                      **STULL, STULL & BRODY**

17                                      Howard Longman
                                   Patrick Slyne

18                                      6 East 45th St.
                                   New York, NY 10017

19                                      Tel:    (212) 687-7230

20                                      Fax:    (212) 490-2022

21                                      **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**

22                                      Gary S. Graifman
                                   Robert Lubitz

23                                      747 Chestnut Ridge Rd.
                                   Chestnut Ridge, NY 10977

24                                      Tel:    (845) 356-2570

25                                      Fax:    (845) 356-4335

26                                      Counsel for Plaintiff

27

COMPLAINT
No. C15-512

- 31 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752